IN THE MATTER OF THE ESTATE OF DR. JOSEPH GARRETTSON, DECEASED.

*Widow's right to administer on husband's estate—Separation no bar.*

A widow has the first right to administer upon the estate of her deceased husband.

The fact that she agreed with her husband for a consideration to live separate and apart from him during their natural lives, and did so live, and to make no claim on his estate in any event, does not deprive her of that right.

*Decided January 28, 1889.*

DR. JOSEPH GARRETTSON died intestate, leaving a widow, Julia A., and a son, Dr. George C. Garrettson. On the 20th day of June, 1879, Dr. Joseph Garrettson and his wife entered into an agreement by which, in consideration of $2,500, paid to her,

they agreed to live separate and apart from each other during their natural lives, and that said Julia A. was in no event to make any claim on the property of Dr. Joseph Garrettson. In pursuance of this agreement they did separate and remained so up to the time of the death of Dr. Joseph Garrettson.

Julia A. Garrettson then made application to be appointed administratrix of said estate, which was resisted by the son George C., claiming that under the said agreement Julia' A., while technically the widow of Dr. Garrettson, was not his widow in fact, and that she was estopped from setting up any claim against his estate.

*Burch & Johnson*, for Mrs. Garrettson.
*William Strunk* and *Henry M. Cist, contra.*

GOEBEL, J.

1. Separation alone does not deprive a wife of her right to administer; the marriage not having been dissolved, she is still his widow. See cases cited *in matter of administration of estate of Runyan, deceased*, New Jersey Orphans' Court, 21 Bull. 54.

2. Section 6005 Rev. Stat., gives to the persons mentioned in the order prescribed, the absolute right to the letters of administration, subject only to the condition that they are competent and suitable for the discharge of the trust, and do not neglect without sufficient cause, to take the administration.

3. Under section 6005 Rev. Stat., a widow has the first right to administer upon the estate of her deceased husband, and the Probate Court has no right to deprive her of that right except for cause.

NOTE.—Affirmed by the Common Pleas and Circuit Courts.